MARGARET C. MITCHELL, Admx. vs. FRANK A. SAYLES.

MARCH 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, and Parkhurst, JJ.

(1) *Evidence. Experiments.*

Experiments or tests offered by a party to be put in evidence are properly excluded where it is apparent that the tests were not made under conditions substantially identical with those in existence at the time of the accident.

TRESPASS ON THE CASE for negligence. The facts are fully stated in *Hardacre* v. *Sayles,* 28 R. I. 235. Heard on exceptions of defendant, and exceptions overruled.

PARKHURST, J. This is an action of negligence for damages for death of plaintiff's intestate, Michael Mitchell, brought under the statute by the plaintiff for the benefit of herself as widow of said deceased, who died without issue.

The statement of fact in this case is not in any way essentially different from that already set forth in the case of *William Hardacre, Admr.,* v. *Frank A. Sayles, supra,* p. 235, to which reference is hereby made to save repetition, the plaintiff's intestate in this case having died at the same time and as a result of the same accident as in the Hardacre case.

Upon trial of this case in the Superior Court, before Mr. Justice Baker and a jury, a verdict was returned for the plaintiff for $8,000, with special findings submitted by the defendant and hereinafter referred to.

Thereafter the defendant duly filed his motion for a new trial, upon the usual grounds that the verdict was against the law and the evidence, and because of excessive damages, and for newly discovered evidence.

After hearing, the motion was denied by the presiding justice. Newly discovered evidence was not then, and is not now, urged.

The evidence in the two cases is substantially the same and from the same witnesses, differing only in minor and immaterial matters except in two particulars: *First,* that the evidence of Cooney with regard to his observations of the joint, as to the

slipping thereof, and as to his giving information regarding the same to Brassell, was corroborated by Patrick Roach, a helper who was holding the lantern and testified that he saw the pipe slip in the " T," and that he called Cooney's attention to it.

(1)   The other matter in which the evidence differs relates to the offer by the defendant to put in evidence certain experiments or tests intended to show the amount of pressure or strain brought upon the joint by the expansion and contraction of the pipe.   We think it is perfectly apparent that the tests attempted to be shown were not, and could not have been, made under conditions substantially identical with those in existence at the time of the accident; and would not only have been of no aid to the jury, but would have been positively misleading; and that the evidence as to these tests was properly excluded.

Therefore all exceptions relating to the exclusion of evidence in relation to these tests must be overruled.

As to the other exceptions, they were of the same general character as in the Hardacre case, and we have examined them with the same care, and do not find any substantial error therein; nor do we see that any useful purpose would be served by the discussion of them *seriatim.*   The charge as given to the jury was a clear and satisfactory statement of the law, and the court properly refused the special requests to charge the jury, inasmuch as all such special requests as properly stated the law of the case, if any, had already been substantially included in the charge as given.

A general and special verdict was returned by the jury, as follows:

" The jury find that the defendant is guilty in manner and form as the plaintiff has in her declaration thereof complained against him and assess damages for the plaintiff in the sum of $8,000.   And the jury find specially:   *First.*   That the defendant did before the accident have knowledge, or reasonable means of knowledge, that the tee joint which burst on the 8th day of December, 1903, was dangerous.

*Second.*   That the tee joint was in a dangerous condition, to the knowledge of the defendant, prior to the accident and

that such dangerous condition was *not* known, or should *not* have been known, to Michael F. Mitchell, the plaintiff's intestate.

" *Third.* That the pipe did move in the tee on the morning of December 8, 1903, before the accident."

. The special findings are entirely consistent with the general verdict.

Upon the same grounds as set forth in the Hardacre case, *supra*, p. 235, we think that the evidence is sufficient to support both the general and the special verdict of the jury both as to liability and as to the amount of the verdict, which we do not find to be excessive.

The exceptions are overruled and the case is remanded to the Superior Court with instructions to enter judgment upon the verdict.

*John W. Hogan*, for plaintiff.
*Edwards & Angell and Lewis A. Waterman*, for defendant.